**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | **CRIMINAL NO. 6:18-CR-00217-ADA** |
| | § | |
| **SIMON PRINCE GUZMAN** | § | |
| | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of Guzman's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

**I. PROCEDURAL BACKGROUND**

On October 31, 2019, Simon Guzman was sentenced in the Western District of Texas – Waco Division to 78 months in prison with 3 years of supervised release to follow, for the offense of Possession of a Firearm by a Convicted Felon, Class C Felony. Guzman's supervised release began on November 5, 2024. On December 17, 2024, Guzman was arrested by Temple PD and charged with Driving While Intoxicated. A 12A was filed with the Court on December 19, 2024, notifying the Court of the new law violation as well as the violation for consuming alcohol, as Guzman has an alcohol abstinence condition. Guzman was referred to the CNVC

Substance Abuse Group to address these violations. Guzman did attend all eight sessions and successfully completed the group on March 19, 2025. Guzman's pending DWI charge was dismissed on June 4, 2025. However, the offense report in that case indicates Guzman was pulled over after leaving a local bar and exhibited signs of intoxication before refusing to submit a breath sample. The report indicated the odor of alcohol was coming from Guzman's person, that his eyes were bloodshot and watery, and that he had a "lack of smooth pursuit" in both eyes during the HGN test.

Then on December 4, 2025, Guzman was again arrested by Temple PD and charged with Driving While Intoxicated 2nd, and that charge is still pending. A petition was filed with the Court on December 16, 2025, and Guzman was arrested on the federal warrant on December 22, 2025. The petition outlines how Guzman was found unconscious behind the wheel of his vehicle at a stop sign early in the morning, with children waiting nearby for their school bus to arrive. The offense report indicates there was an open bottle of alcohol on the passenger seat of the vehicle. It also indicates Guzman admitted to being intoxicated and to driving the vehicle. Once Guzman bonded out, he contacted the probation officer and stated he was sleeping in his car after an argument with his girlfriend and was pulled out of the vehicle and taken to jail, and he didn't understand why. He stated his father must have had some empty bottles of alcohol in the backseat of the vehicle. The probation officer obtained the offense report shortly thereafter, and the details did not match Guzman's account of the incident.

On December 15, 2025, the United States Probation Office filed an Amended Petition for Warrant or Summons for Offender Under Supervision, alleging that Guzman violated the terms of his supervision in the following ways:

**Violation Number 1:** Guzman violated a special condition of supervised release, in that on or about December 17, 2024, Guzman consumed alcohol.

**Violation Number 2:** Guzman violated Mandatory Condition Number 1, in that on or about December 17, 2024, Guzman was intoxicated while operating a vehicle in a public place, in violation of Texas Penal Code 49.04(a).

**Violation Number 3:** Guzman violated a special condition of supervised release, in that on or about December 4, 2025, Guzman consumed alcohol.

**Violation Number 4:** Guzman violated Mandatory Condition Number 1, in that on or about December 4, 2025, Guzman was intoxicated while operating a vehicle in a public place, in violation of Texas Penal Code 49.04(a).

On January 13, 2026, the Court held a hearing on the petition. At the hearing, the Government verbally moved to strike Violations 1, 2, and 4. Guzman pled **NO CONTEST** to the remaining violation. The petition contained a sufficient factual basis to support a plea of **NO CONTEST**.

## II. FINDINGS OF THE COURT

Based on Guzman's sworn statements and other testimony at the hearing, the undersigned finds as follows:

1. Guzman violated the conditions of his supervision as alleged in the petition.

2. Guzman was competent to make the decision to enter a plea of **NO CONTEST**.

3. Guzman had both a factual and rational understanding of the proceedings against him.

4. Guzman did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. Guzman was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6.      Guzman was sane and mentally competent to stand trial for these proceedings.

7.      Guzman was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8.      Guzman received a copy of the petition naming him, and he either read it or had it read to him.

9.      Guzman understood the petition and the charges alleged against him.

10.     Guzman had a sufficient opportunity to discuss the petition and charges with his attorney.

11.     Guzman was satisfied with the job his attorney has done and had no complaints about his attorney.

12.     Guzman understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13.     Guzman freely, intelligently, and voluntarily entered his plea of **NO CONTEST**.

14.     Guzman understood his statutory and constitutional rights and desired to waive them.

15.     The petition contains a sufficient factual basis to support Guzman's pleas of **NO CONTEST**.

## III. RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that Guzman's supervised release be **REVOKED** and that he be sentenced to the following:

(1) a four month term of imprisonment, including credit for any time already served since his arrest; and

(2) a one year period of supervised release to follow.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 14th day of January, 2026.

DAN MACLEMORE
UNITED STATES MAGISTRATE JUDGE